LEANDER HOLMES, Plaintiff, *v.* DANIEL H. FERGUSON· *et al.* Defendants.

*Bill to Foreclose Mortgage.—Adjourned from Clackamas.*

1. Where credit is given on account of an interest in certain premises, the party giving such credit is bound to know the extent of that interest.
2. Defendants held by a deed, which recited the existence of a mortgage, and they are estopped from denying such mortgage.
3. Parties and privies are bound by the recitals of a deed through which they claim title.

ON the 1st day of December, A. D. 1852, Moore conveyed to Ferguson certain real estate in Linn City, in said county, for 50,000 dollars; and at the same time took a mortgage for 45,000 dollars of the purchase money, payable in ten years, with interest at the rate of six per cent. per annum, payable annually. On the 19th day of March, A. D. 1853, Ferguson conveyed the same premises to the " Willamette Falls Canal, Milling and Transportation Company," by deed containing the following recital: " It is expressly understood, however, that the said premises are encumbered with a mortgage, made by said Ferguson, to secure the said Moore the sum of 45,000 dollars, which mortgage bears date on or about the 1st day of December, 1852, and is at the rate of six per cent. per annum, and the said company hereby assumes the payment," &c. The deed from Moore to Ferguson was filed for record on the 9th day of May, 1853 ; and the deed from Ferguson to the " Falls Co." was filed for record upon the 24th day of March, 1854. The said mortgage was filed for record on the 14th day of April, 1854.

*Pratt & Campbell,* for plaintiff.

*Kelly & Holbrook,* for defendants.

Holmes v. Ferguson.

WILLIAMS, C. J.   Plaintiff avers that the said mortgage was duly assigned to O. C. Pratt, and by said Pratt to him, and asks to have it foreclosed, because the sum of $5,400 interest is now due thereon and unpaid.   Many of the defendants are judgment creditors of the said " company," with mechanics' liens; and they aver that, in the month of May, 1853, said " company" commenced the erection of a warehouse and saw-mill upon said premises ; and that thereafter, but before plaintiff's mortgage was filed for record, they were employed by said " company" to furnish materials for, and perform labor upon, said buildings ; wherefore, they say, that their liens are paramount, and ought to be preferred to the lien of said mortgage.   This position is clearly untenable, upon principle and authority.

If defendants gave credit to the " company," on account of their interest in the said premises, or looked to a lien thereon as security for their demands, then they must have known, or were bound to know, what that interest or right was upon which they placed such reliance.   Reference to the books of registration showed the title to be in Ferguson; so that defendants were not misled, and induced to give credit to the " company," because the public records indicated that they were the owners, and entitled to encumber or dispose of the property.   Defendants, then, could only learn the rights of the " company" in the land, by looking at the title-deed, and by this they were fully advised of the existence of this mortgage, and that any encumbrance which the " company" could create must be in subordination to it.

According to well-established principles of law, defendants cannot be permitted to say, in court, that they had no knowledge of plaintiff's mortgage.   Ferguson's deed to the " company" fully recites the mortgage ; and, by such recital, the " company" is estopped to say there is no such mortgage. (*Croke, Eli.* 756 ; 1 *Roll.* 872–3 ; 2 *Smith's Leading Cases,* 435 ; 4 *Peters,* 85.)

Defendants derive all the right which they claim through the deed from Ferguson to the " company," and they are,

therefore, as well as said "company," estopped to contradict the solemn admissions and recitals of said deed.

Lane, J., in the case of *Douglas* v. *Scott*, 5 *Ohio R.* 195, lays down the law as follows: "The obligation created by estoppel not only binds the party making it, but all persons privy to him, the legal representatives of the party; those who stand in his situation by act of law, and all who take his estate by contract, stand in his stead, and are subjected to all the consequences which accrue to him. It adheres to the land; is transmitted with the estate; it becomes a muniment of title; and all who afterward acquire the title take it subject to the burden which the existence of the fact imposes on it. To the same effect are all the authorities. (*Crane* v. *Morris*, 6 *Peters*, 611; 4 *Kent's Com.* 261; 1 *Greenleaf's Ev.* 28.)

Defendants further allege, that Moore and Pratt, while they claimed said mortgage, respectively advised defendants to go on with their work, and that they would be paid; but we do not think, in view of all the facts, that any thing was said or done, by either one, amounting to a waiver of their legal rights, or that justifies a preference of the judgments to the mortgage. Plaintiff's claim is prior in time, and, by uncontradictable implication of law, if not in point of fact, is prior in right. He must, therefore, have judgment.

Judgment for plaintiff.